**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paige Yeaton, | No. CV-25-04272-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Metropolitan Life Insurance Company, | |
| Defendant. | |

Paige Yeaton ("Plaintiff") is the adult daughter of Willam L. Yeaton ("Decedent"), who passed away in December 2024. (Doc. 1-1 at 5, 9.) In October 2025, Plaintiff—in her capacity as the personal representative of Decedent's estate—filed an action in Maricopa County Superior Court against Metropolitan Life Insurance Company ("Defendant"). (*Id.* at 5-12.) In broad strokes, the complaint alleges that Decedent once held a life insurance policy issued by Defendant and that Defendant breached the policy by failing to provide certain notices to Decedent, which caused the policy to lapse before his death. (*Id.*) The policy's face value was $480,000, with a minimum face value of $100,000. (*Id.* at 69.) The complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*Id.* at 9-12.)

In November 2025, Defendant filed a timely notice of removal. (Doc. 1.) The notice alleges that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and the parties are completely diverse. (*Id.* ¶¶ 5-11.) Plaintiff, in turn, has filed a motion to remand. (Doc. 10.) Plaintiff does not dispute that the requirements of diversity

jurisdiction are otherwise satisfied—instead, Plaintiff's sole basis for opposing removal is that "the probate exception applies to this matter." (*Id.* at 1.)

As Defendant correctly explains in its response to the motion to remand (Doc. 13), Plaintiff is mistaken. The Supreme Court and Ninth Circuit have "emphasized the narrowness of the probate exception" and clarified that it "is limited to cases in which the federal courts would be called on to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Silk v. Bond*, 65 F.4th 445, 450 (9th Cir. 2023). Those categories are not implicated here. Adjudicating this lawsuit will not require this Court to probate or annul a will, administer Decedent's estate, or assume *in rem* jurisdiction over property that is in the custody of the probate court. Indeed, "the probate exception does not strip federal court jurisdiction over this routine contract dispute." *Id.* at 448. Furthermore, this action does not seek to remove assets from Decedent's estate—rather, it seeks to add assets to the estate. Time and again, courts have concluded that the probate exception is inapplicable in this circumstance. *See, e.g., Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("The suit, though based ultimately on the will, is not within the probate exception to federal jurisdiction. The judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate."); *Singer v. Massachusetts Mut. Life Ins. Co.*, 335 F. Supp. 3d 1023, 1031 (N.D. Ill. 2018) ("Rochelle . . . asks this Court to determine whether a specific *res* should become part of the estate. This question is within the Court's jurisdiction. . . . The probate exception therefore does not bar Rochelle's undue influence claim, although it affects the relief the Court will be able to fashion should she ultimately succeed."); *In re Emerald Casino, Inc.*, 223 F. Supp. 3d 740, 746 (N.D. Ill. 2016) ("Cases decided since [*Marshall v. Marshall*, 547 U.S. 293 (2006)] suggest that claims that would *add* assets to an estate, but do not reallocate those assets among claimants or creditors, do not disturb a state probate court's possession of property."); *Fluker v. Anderson*, 2008 WL 115103, *2 (S.D. Tex. 2008) ("[T]his Court is

1  not being asked to probate a will, administer an estate or dispose of property that is in the
2  custody of a state probate court.  Rather, this case was brought in order to recover life
3  insurance proceeds . . . [and] Probate Court Number Two of Harris County, Texas never
4  had custody of these proceeds.  Because the probate exception does not apply to the facts
5  of the present case, this Court has authority to adjudicate it . . . .").  Although Plaintiff
6  attempts to distinguish these cases in her reply, she does not cite any case holding or even
7  suggesting that the probate exception applies in this situation.

      Accordingly,

      **IT IS ORDERED** that Plaintiff's motion to remand (Doc. 10) is **denied**.

      Dated this 19th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge